# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PETER J. PINO,**
**Claimant Below, Petitioner**

**FILED**
February 13, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0255** (BOR Appeal Nos. 2053240, 2053411)
(Claim No. 920019865)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**PINO CONSTRUCTION COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Peter J. Pino, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner, by Counsel Melissa M. Stickler, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for a lumbar MRI on April 2, 2018. The Office of Judges reversed the decision in its August 7, 2018, Order and authorized a lumbar MRI. The Order was reversed by the Board of Review on January 22, 2019, and the claims administrator's denial of a lumbar MRI was reinstated. On April 5, 2018, the claims administrator denied a request for the medications Norco, Viagra, Celebrex, Zanaflex, and Prilosec. In an August 29, 2018, Order, the Office of Judges reversed the decision and authorized the requested medications. On January 22, 2019, the Board of Review reversed the Office of Judges' Order insofar as it authorized Norco and Viagra and reinstated the claims administrator's denial of those medications. The remainder of the Office of Judges' decision was affirmed.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon

1

consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pino, a construction worker, was injured in the course of his employment on October 22, 1991, when he fell into a fourteen foot hole. The claim was held compensable for pelvic fracture, closed pubis fracture, thoracic/lumbosacral neuritis, lumbar sprain, closed thoracic disc fracture, and open fracture of lumbar disc. A lumbar CT scan was performed on August 6, 1992, and showed healed compressions of T12 and L1. There was no evidence of disc herniation at any level.

In a July 6, 2001, independent medical evaluation Marsha Bailey, M.D., opined that Mr. Pino's sexual dysfunction was related to his ongoing chronic back pain and not a urologic system failure. Mr. Pino was treated for the compensable injury by Timothy Deer, M.D., from the Center for Pain Relief. An April 25, 2011, treatment note indicates he diagnosed lumbar sprain/strain, lumbar radiculitis, status post pelvic fracture, lumbar disc fracture, and lumbar neuritis. He opined that it was necessary to keep Mr. Pino on his present course of treatment. On June 25, 2013, Dr. Deer stated that Mr. Pino required the medication Norco for pain management and would require a lumbar MRI every two years to track the progression of his condition.

In an August 4, 2014, treatment note, Wilfrido Tolentino, PA-C, from the Center for Pain Relief, opined that Mr. Pino had significant degenerative changes due to his compensable injury and requires continued pain management treatment. Dr. Deer sent a letter to the claims administrator on May 4, 2014, and requested that Norco, Lyrica, Celebrex, and Zanaflex be authorized. He opined that any arthritic changes Mr. Pino has are not the cause of his current pain. In a March 4, 2015, treatment note, James Jensen, M.D., opined that Mr. Pino suffers sexual dysfunction related to his compensable injury. However, he found no causal connection between Mr. Pino's urethral structure and his complaints of sexual dysfunction.

Dr. Bailey performed an independent medical evaluation on January 15, 2018, in which Mr. Pino reported constant low back pain that extended into his right leg and foot. She noted that a 2008 MRI showed loss of disc height at L1 consistent with a prior healed disc fracture. It also showed disc desiccation at multiple levels, a mild disc bulge at L3-4, a paracentral disc protrusion at L4-5 and L5-S1, and foraminal stenosis at L5-S1. Mr. Pino underwent another lumbar MRI on October 19, 2012, which showed disc changes throughout, minimal retrolisthesis of L3 and L4, disc bulging at L3-4, a moderate to large disc bulge at L4-5, and a marked disc bulge at L5-S1. Dr. Bailey examined Mr. Pino and diagnosed chronic low back pain with right lumbar radiculitis, unrelated to the compensable injury. She opined that he was currently being treated for noncompensable conditions and that he had reached maximum medical improvement long ago.

A March 9, 2018, treatment note by Dr. Deer indicates Mr. Pino experienced constant back pain that would not respond to surgery. Dr. Deer stated that his condition had deteriorated, and he had more leg numbness. Mr. Pino was taking Celebrex and Hydrocodone, and his condition was progressing. Dr. Deer recommended an evaluation by a neurosurgeon and a repeat MRI. He opined that Mr. Pino's complaints were related to the compensable injury. Mr. Pino saw Mr. Tolentino on

May 8, 2018, and reported that he was in constant pain. Mr. Tolentino diagnosed localized osteoarthritis of the right knee, sacroilitis, lumbar sprain, and lumbar radiculopathy. He questioned how Dr. Bailey could accurately assess Mr. Pino's current condition without new imaging.

The claims administrator denied a request for a lumbar MRI on April 2, 2018. The Office of Judges reversed the decision and granted the request for a lumbar MRI in its August 7, 2018, Order. The Office of Judges determined that since the claim is over twenty years old, updated diagnostic testing could be beneficial in determining the cause of Mr. Pino's persistent pain. The Office of Judges opined that the new testing could provide new information on the compensability of Mr. Pino's ongoing pain. Further, Dr. Deer treated Mr. Pino for a long period of time while Dr. Bailey performed a onetime evaluation. The Office of Judges stated that their opinions were equal in value and therefore authorized the requested MRI.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's denial of a lumbar MRI in its January 22, 2019, decision. It stated that Dr. Bailey performed an independent medical evaluation in which she noted that Mr. Pino underwent lumbar MRIs in 2008 and 2012. Dr. Bailey reviewed the imaging along with a CT scan from 1992 and determined that they show a progression of noncompensable, age-related degenerative joint and disc disease of the lumbar spine. She found that the most changes occurred between L3 and S1, but Mr. Pino did not injury any area of his spine below L1. The Board of Review therefore concluded that another lumbar MRI was not necessary or reasonable medical treatment.

On April 5, 2018, the claims administrator denied a request for Norco, Viagra, Celebrex, Zanaflex, and Prilosec. It found that Mr. Pino has received considerable treatment for his compensable injury. The Office of Judges noted its August 7, 2018, Order in which it determined that new diagnostic testing was warranted. The Office of Judges determined that Mr. Pino's current regimen of medicine should be continued until the new MRI was performed and the results interpreted. Further, the Office of Judges opined that Dr. Deer's opinion was more reliable than that of Dr. Bailey since Dr. Deer had treated Mr. Pino for several years.

In its January 22, 2019, decision, the Board of Review reversed the Office of Judges' decision insofar as it authorized Norco and Viagra and reinstated the claims administrator's denial of those medications. The Board of Review affirmed the remainder of the Office of Judges' Order. It stated that Norco is a controlled substance and West Virginia Code of State Rules §§ 85-20-53 and 85-20-54 require certain documentation when such medications are prescribed outside of limited time periods after an injury or surgery. The Board determined that such documentation was not provided in this case. Regarding Viagra, the Board of Review found that Dr. Bailey opined in her evaluation that Mr. Pino has many risk factors for sexual dysfunction, none of which are the result of the compensable injury. The Board of Review therefore concluded that the medications Norco and Viagra are not necessary medical treatment for the compensable injury.

After review, we agree with the decisions of the Board of Review. This claim is now twenty nine years old. Mr. Pino has had two MRIs, both of which showed a progression of degenerative changes. Dr. Bailey performed an independent medical evaluation and determined that another MRI was unnecessary as related to the compensable injury. We also find that there is no indication

that the requirements of §§ 85-20-53 or 85-20-54 have been met in regard to the medication Norco. Further, a preponderance of the evidence indicates that Viagra is not medically necessary or reasonable to treat a compensable injury in the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 13, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison